## PRESUMPTION OF DEATH.

[Circuit Court of Lorain County.]

TRAVELERS' INSURANCE CO. v. MARY ROSCH.*

Decided, May 2, 1902.

*Accident Insurance—Disappearance of the Insured in Mid Ocean—Conclusive Presumption of Death from Accidental Drowning—Special Charges Before Argument—Section 5190 Not Peremptory, When—"Fair" Preponderance of Evidence.*

1. Where one was seen on a steamer in mid ocean at 10 o'clock at night, and was not found the next day, though diligent search for him was made, and has never been seen since either living or dead, it is a necessary conclusion that the man is dead.
2. It is also a necessary conclusion that he died by drowning, either from accident or the violence of another, or by casting himself into the sea; and the presumption being against suicide, a jury would be warranted in finding that he died by drowning, and that as to him the drowning was an accident.
3. If a special charge is of such a character that no prejudice would result from a refusal to give it to the jury at all, it is not prejudicial to decline to give it before argument, notwithstanding the peremptory interpretation which has been placed on Section 5190.
4. A preponderance of the evidence being sufficient in a civil case, and the word "fair" having been construed as equivalent to "clear," a court is justified in refusing to give a special charge as written, when it contains the words "fair preponderance of the evidence."

*Affirmed by the Supreme Court without report, December 8, 1903.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

Heard on error.

The case of the Travelers' Insurance Company of Hartford, Connecticut, against Mary Rosch is here upon a petition in error, seeking to reverse a judgment which Mary Rosch obtained against the insurance company in a case tried in the court of common pleas of this county, it being a jury trial. With the petition in error a bill of exceptions is filed containing all the evidence that was produced in the court of common pleas.

The plaintiff below, Mary Rosch, having obtained a verdict against the defendant, a motion was made by the defendant for a new trial, which was overruled, an exception was taken to that, and it is said there was error on the part of the court in overruling such motion, and error also in the proceedings of the court at the trial.

After the evidence was all introduced, a request was made that certain propositions of law be given in charge to the jury before the argument of counsel. Some of these requests were given before argument, and part, the court said, would be taken under advisement, and later the court would determine whether or not to give these. After argument the court did give the last proposition, to which attention will be called later.

Section 5190, sub-section 5, Revised Statutes, is the one which provides that if request to charge certain propositions shall be made before argument, such propositions shall then be given or refused. This statute was construed in *Electric Railroad Co. v. Hawkins,* 64 Ohio St., 391.

Before determining whether there was error in declining to give, the proposition which the court did not give before argument, but did give later, a little attention should be given to facts.

John Rosch who was a resident of this city, took passage in June, 1897, upon an ocean steamer, "The Friesland," at New York, for some port in Germany. Shortly before he embarked on this voyage he took out a policy of insurance in the plaintiff company, which is a corporation authorized to issue accident insurance policies. It insured him against death resulting within ninety days from bodily injuries effected during the term of this

insurance through external, violent and accidental means, and the beneficiary named in the policy is Mary Rosch, the defendant in error.

On the night of June 29, 1897, while the ship was in mid-ocean, John Rosch, who was a steerage passenger with some two hundred other steerage passengers, was seen at ten o'clock in the evening on that steamer; so far as any evidence here is found he has never been seen since living or dead.

The steamer did not reach Germany for several days after that. Diligent search was made on the morning of June 30 for John Rosch, which was without avail; he was not on the steamer on that morning.

The claim on behalf of the plaintiff below is, that from this it necessarily follows he is dead, and we think that this presumption is well taken. It is possible that Rosch is living, as it is possible that if one sits in this court room and fires a pistol at another, and that other be found immediately thereafter dead with a bullet in his body, that he died of heart failure just before the bullet struck him; but everybody would find, every jury and every sensible man in the world would find in the case last stated that the man died from the bullet wound. And it seems as though we could not doubt that every sensible man with these facts before him would find this man is dead.

It is said, on the part of the plaintiff in error, that it is but an inference that he is dead. It is an inference, such an inference as carries absolute conviction to every thinking man.

Now it is said that to hold he died by external violence is an inference upon an inference—which ought not to be allowed; but the jury found as they necessarily must have found, that this man was dead.

And if the question had been directly put to them, did he die by drowning? it can hardly be doubted that they would have answered in the affirmative, and if he died by drowning he died by that external violence which is insured against in this policy, unless it was a case of suicide.

The policy provides that if the death is by suicide there can be no recovery.

This man, if he died by drowning, fell into the ocean, either by accident or by violence of somebody else or he cast himself into the ocean. What is the presumption in that case; in favor of suicide or against it? Is there any doubt that the presumption is against suicide and in favor of his having fallen in, either by accident or by some external force applied to him? And if that is so, then there should be a recovery here; the company would be bound.

Upon the facts it seems clear that the jury came to the conclusion to which every other man, who will examine this record would come; that this man died of drowning on that night of June 29 or the morning of June 30, 1897, and that such drowning was the result of an accident to him.

Now as to the request made to charge before argument.

The case of *Electric Railroad Co.* v. *Hawkins,* to which attention has been called, holds as to Section 5190, Revised Statutes, requiring a charge when requested to be made before the argument, that it is peremptory where such request is made. Of course if a request is made to charge some proposition which is not the law, that must be given. But it is said here the court came to the conclusion that what was requested was the law, because it thereafter gave it; but if the giving or withholding of the charge could not by any possibility or by any reasonable probability have affected the result of this case, then it was not prejudicial to refuse to give it before argument.

If it would have been no prejudice to the plaintiff in error to have declined to give it to the jury at all, then it was not prejudicial to decline to give it before the argument.

The charge requested by the defendant below before argument reads in these words:

"Gentlemen of the jury, you will not be warranted in rendering a verdict for the plaintiff unless you shall find from a fair preponderance of the evidence, as I shall hereafter define that term:

"First. That John Rosch died during the time covered by the policy of insurance, and

"Second. That his death was caused by violent and accidental means."

It is enough to say as to this, that the request included one thing at least which it is settled, in this court, and I think by the Supreme Court of the state—certainly by this court and by the circuit court next east of us, the sixth—which the party was not entitled to have given.

It may be said to be technical, but this court and the court of the circuit east of us have held that it is objectionable to charge that "You will not be warranted in rendering a verdict for the plaintiff unless you shall find from a *fair* preponderance of the evidence," etc.

Judge Laubie, in one of the cases, discusses to a considerable extent the words "*fair* preponderance," and says it means the same as "*clear* preponderance" of the evidence, which he says is not necessary; that *preponderance* is enough. So the court would have been justified in refusing that because of the word "fair," and might have been justified in refusing the entire request for the same reason.

The court did give before argument, that in order to a recovery the jury must find:

First. That John Rosch died during the time covered by the policy of insurance, and

Second. That his death was caused by violent and accidental means.

He gave those two. He did not give until after argument the balance: "If you find that he died during such time, but further find that it is just as reasonable to infer, from the facts and circumstances in proof, that he died from voluntarily exposing himself to unnecessary danger as that he died from accidental and violent means, not specifically excepted in the policy, then your verdict must be for defendant."

That was given later; not given however that it must be done by a fair preponderance of the evidence, but the court gave, "if you find he died during such time," etc., using the exact language, except as to the word "*fair.*"

It was not error, prejudicial to the plaintiff in error, for the court to refuse to give in the language requested, just what was requested before the argument. After the argument the court gave the proposition properly, so that there can be no fault

found to the prejudice of the plaintiff in error in the charge.

What has already been said indicates what must be done with the case. The jury were warranted in coming to the conclusion they did from the facts.

There was no error on the part of the court in its refusal to charge before argument the requests in exactly the language they were requested; there was no error in the charge, and the judgment is affirmed.

*H. H. McKehan,* for plaintiff in error.

*Metcalf & Cinniger,* for defendant in error.